**Fred Leroy PASTERNACK, Petitioner**

v.

**Michael P. HUERTA, Acting Administrator, Federal Aviation Administration and National Transportation Safety Board, Respondents.**

No. 12–1111.

United States Court of Appeals, District of Columbia Circuit.

March 22, 2013.

————

Elizabeth Mae Candelario, Yodice Associates, Kathleen Ann Barbara Yodice, Law Offices of Yodice Associates, Frederick, MD, for Petitioner.

Agnes M. Rodriguez, Federal Aviation Administration, Washington, DC, for Respondent.

Before: GARLAND, Chief Judge, KAVANAUGH, Circuit Judge, and EDWARDS, Senior Circuit Judge.

## JUDGMENT

This cause was considered on a petition for review of an Order of the National Transportation Safety Board ("NTSB" or "Board") and was briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the Order of the Board is hereby vacated and the petition for review is granted.

In 2008, the Federal Aviation Administration ("FAA") issued an order revoking the airline transport pilot and flight instructor certificate and ground instructor certificate of Petitioner Dr. Fred Pasternack on the ground that Dr. Pasternack allegedly "refused" to take a mandatory drug test. The NTSB upheld the revocation order, and Dr. Pasternack petitioned this court for review. After briefing and oral argument, the court vacated the Board's decision because it was not supported by substantial evidence. *Pasternack v. NTSB*, 596 F.3d 836 (D.C.Cir. 2010). Following a remand of the case, the Board again upheld punitive sanctions by the FAA against Dr. Pasternack. *See generally Huerta v. Pasternack ("Order")*, NTSB Order No. EA–5615, 2012 WL

562137 (Feb. 13, 2012). Dr. Pasternack now challenges the Board's 2012 Order.

On June 1, 2007, Dr. Pasternack received a notice from his employer, Northeastern Aviation Corporation, that he had been randomly selected for drug testing. Several days later, he reported to a Lab-Corp collection facility but was unable to provide a sufficient urine sample for the test. After a conversation with a testing center "collector," Dr. Pasternack left the facility and returned several hours later. Although the testing facility was officially closed when he returned, he was permitted to enter and provide an adequate sample. The sample tested negative for drug use. The exact circumstances under which Dr. Pasternack left and returned to the testing facility were contested by the parties.

Under applicable agency regulations, a failure to remain at a testing facility until completion of a drug test constitutes a "refusal" to test. *See* 49 C.F.R. § 40.191(a)(2). There is no dispute that Dr. Pasternack left the testing facility before the testing process was complete. However, the FAA concedes that leaving with permission does not constitute a refusal. Br. for Resp't at 48. Dr. Pasternack does not contest the legality of the regulation. Rather, he asserts that he received implicit permission to leave the testing facility and return. Nonetheless, the Board rejected Dr. Pasternack's claim that he had implicit permission to leave the testing facility.

We review NTSB decisions under the arbitrary and capricious standard and treat the Board's factual findings as "conclusive" if they are supported by substantial evidence. *See* 5 U.S.C. § 706(2)(A); 49 U.S.C. § 46110(c); *Garvey v. NTSB*, 190 F.3d 571, 577 (D.C.Cir.1999). "If there is no substantial evidence to support the Board's reasoning … its order must be vacated." *Van Dyke v. NTSB*, 286 F.3d 594, 598 (D.C.Cir.2002). After careful review of the record in this case, we find that the Board's conclusion, that Dr. Pasternack lacked permission to leave the testing facility and, thus, "refused" a mandatory drug test, fails for lack of substantial evidence. We hold that, considering the entire record, substantial evidence does not support the NTSB's determination that the collector did not impliedly give Dr. Pasternack permission to leave. We are therefore constrained to reverse the decision of the Board, vacate its Order, and grant the petition for review.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).